FILED ENTERED
LODGED RECEIVED
MAY 25 2012
AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY DEPUTY

HON. JAMES L. ROBART

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| WASTE ACTION PROJECT, a Washington non-profit corporation,<br><br>Plaintiff,<br><br>v.<br><br>MELTEC, DIVISION OF YOUNG CORPORATION, a Washington corporation,<br><br>Defendant. | Case No. 11-01432JLR<br><br>**CONSENT DECREE**<br><br><br>11-CV-01432-CNST |

## I. STIPULATIONS

Plaintiff Waste Action Project sent a sixty day notice of intent to sue letter to Defendant Meltec, Division of Young Corporation ("Meltec") on June 29, 2011 and a supplemental notice of intent to sue on July 6, 2011, both alleging violations of the Clean Water Act, 33 U.S.C. § 1251 et seq., relating to discharges of stormwater from Meltec's Facility in Seattle, Washington and seeking declaratory and injunctive relief, civil penalties and attorneys fees and costs.

Meltec denies any fault, wrongdoing, or liability regarding all claims and alleged violations.

Waste Action Project and Meltec agree that settlement of these matters is in the best interest of the parties and the public, and that entry of this Consent Decree is the most appropriate

SMITH & LOWNEY, P.L.L.C.
2317 EAST JOHN ST.
SEATTLE, WASHINGTON 98112
(206) 860-2883

means of resolving this action.

Waste Action Project and Meltec stipulate to the entry of this Consent Decree without trial, adjudication, or admission of any issues of fact or law regarding Waste Action Project's claims or allegations set forth in its complaint, sixty-day notice and supplemental sixty-day notice.

DATED this 2 day of April , 2012.

ELLIS, LI & MCKINSTRY PLLC

By s/ Keith A. Kemper
Keith A. Kemper WSBA #19438
Attorneys for Defendant
Meltec, Division of Young Corp.

SMITH & LOWNEY PLLC

By s/ Richard A. Smith
Richard A. Smith, WSBA #21788
Attorneys for Plaintiff
Waste Action Project

MELTEC, DIVISION OF YOUNG CORP.

By [signature]
Mark Lindberg
President, Young Corp.

WASTE ACTION PROJECT

By [signature]
Greg Wingard
Title: Executive Director

## II. ORDER AND DECREE

THIS MATTER came before the Court upon the foregoing Stipulations of the parties. Having considered the Stipulations and the promises set forth below, the Court hereby ORDERS, ADJUDGES, and DECREES as follows:

1. This court has jurisdiction over the parties and subject matter of this action.

2. Each signator for the parties certifies for that party that he or she is authorized to enter into the agreements set forth below.

3. This Consent Decree applies to and binds the parties and their successors and assigns.

4. This Consent Decree applies to the operation, oversight, or both by Defendant

Smith & Lowney, p.l.l.c.
2317 East John St.
Seattle, Washington 98112
(206) 860-2883

Meltec, Division of Young Corporation ("Meltec") of its Facility at 3444 13th Avenue South, Seattle, Washington (the "***Facility***").

5. This Consent Decree is a full and complete settlement of the claims in the complaint and all other claims known and unknown existing as of the date of entry of this Consent Decree, that could be asserted under the Clean Water Act, 33 U.S.C. §§ 1251-1387, arising from operations of the Facility. These claims are released and dismissed with prejudice. Enforcement of this decree is Waste Action Project's exclusive remedy for any violation of its terms.

6. This Consent Decree is a settlement of disputed facts and law. It is not an admission or adjudication regarding any allegations by Waste Action Project in this case or of any fact or conclusion of law related to those allegations. It is not evidence of any wrongdoing or misconduct on the part of Meltec.

7. Meltec agrees to the following terms and conditions in full and complete satisfaction of the claims covered by this decree:

a. Meltec will comply fully with all conditions of its National Pollutant Discharge Elimination System Permit No. WAR000639 (the "***NPDES permit***") and any successor, modified, or replacement permit;

b. By the date of entry of this Consent Decree, Meltec will replace the catch basin filter inserts and oil absorbent booms in each of the seven storm drains at the Facility with new filter inserts and oil absorbent booms, and will amend its SWPPP to provide for inspection, maintenance and replacement of filter inserts and oil absorbent booms at the seven storm drains consistent with manufacturer instructions, with replacement to occur no less frequently than quarterly.

c. By the date of entry of this Consent Decree, Meltec will begin monitoring stormwater discharges from catch basin six, in addition to catch basin seven, in accordance with the NPDES permit sampling and reporting provisions. Meltec will

SMITH & LOWNEY, P.L.L.C.
2317 EAST JOHN ST.
SEATTLE, WASHINGTON 98112
(206) 860-2883

continue monitoring discharges from catch basin six and catch basin seven unless and until Meltec consolidates all of its discharges off site into one discharge point and monitoring location.

d. Meltec will sweep paved surfaces at the facility with a vacuum sweeper designed to capture particles four microns wide and larger at least two times per month.

e. Not later than March 30 2012, Meltec will submit a written stormwater treatment conceptual plan to Waste Action Project.

1) The stormwater treatment conceptual plan will describe a treatment best management practice(s) designed and recommended by Meltec's qualified stormwater consultant to reduce the levels of zinc, copper, and turbidity in the Facility's stormwater discharges to the NPDES permit benchmarks and reduce the level of fecal coliform in the Facility's stormwater discharges to the NPDES permit effluent limit.

2) The conceptual plan will include the earliest practicable date by which Meltec can implement the proposed measures, which will not be later than September 30, 2012.

3) Meltec will pay Waste Action Project's reasonable expert fees and costs of up to $1,000.00 (ONE THOUSAND DOLLARS) to review Meltec's conceptual plan. Waste Action Project will review and either approve or provide comments on the proposal within 30 days of receipt. To facilitate review by Waste Action Project's expert, Meltec will provide reasonable access to the facility and information requested by Waste Action Project's expert.

4) If Waste Action Project approves Meltec's conceptual plan, Meltec will implement the proposed best management practice(s) by the date identified in its conceptual plan, or September 30, 2012, whichever is earlier. If Waste Action Project does not approve Meltec's proposal, Meltec will make a good faith effort

SMITH & LOWNEY, P.L.L.C.
2317 EAST JOHN ST.
SEATTLE, WASHINGTON 98112
(206) 860-2883

to modify its proposal to respond to Waste Action Project's comments and resubmit the proposal to Waste Action Project within 45 days of receipt of these comments for another round of review by Waste Action Project. Waste Action Project will not unreasonably withhold approval.

f. Meltec will forward copies of all written or electronic communications between it and Ecology concerning its compliance with the NPDES permit and the Clean Water Act, including but not limited to discharge monitoring reports to Waste Action Project on or before the NPDES permit's quarterly due dates for discharge monitoring reports. This obligation will continue through the termination date of this Consent Decree.

8. Not later than 30 days after the entry of this Consent Decree, Meltec will pay $22,000.00 (TWENTY TWO THOUSAND DOLLARS) to the I'M A PAL Foundation for the Hamm Creek habitat restoration project described in Attachment A. Payment shall be sent to: I'M A PAL Foundation, 742 S. Southern St., Seattle, WA 98108. Payment shall include the following reference in a cover letter or on the check: "Consent Decree, WAP v. Meltec" A copy of each check and cover letter, if any, shall be sent simultaneously to: Greg Wingard, Waste Action Project, P.O. Box 4832, Seattle, WA 98104.

9. Meltec will pay Waste Action Project's reasonable attorney and expert fees and costs in the amount of $11,000.00 (ELEVEN THOUSAND DOLLARS). Payment will be made within 30 days of the entry of this decree by check payable and mailed to Smith & Lowney, PLLC, 2317 East John St., Seattle, WA 98112, attn: Richard A. Smith. This payment is full and complete satisfaction of any claims Waste Action Project may have under the Clean Water Act for fees and costs.

10. Upon entry of this Decree, the parties will jointly move for dismissal of PCHB No. 11-140.

11. A force majeure event is any event outside the reasonable control of Meltec that causes a delay in performing tasks required by this decree that cannot be cured by due diligence.

SMITH & LOWNEY, P.L.L.C.
2317 EAST JOHN ST.
SEATTLE, WASHINGTON 98112
(206) 860-2883

Delay in performance of a task required by this decree caused by a force majeure event is not a failure to comply with the terms of this decree, provided that Meltec notifies Waste Action Project of the event; the steps that Meltec will take to perform the task; the projected time that will be needed to complete the task; and the measures that have been taken or will be taken to prevent or minimize any impacts to stormwater quality resulting from delay in completing the task.

Meltec will notify Waste Action Project of the occurrence of a force majeure event as soon as reasonably possible but, in any case, no later than fifteen days after the occurrence of the event. In such event, the time for performance of the task will be extended for a reasonable period of time following the force majeure event.

By way of example and not limitation, force majeure events include

a. Acts of God, war, insurrection, or civil disturbance;

b. Earthquakes, landslides, fire, floods;

c. Actions or inactions of third parties over which defendant has no control;

d. Unusually adverse weather conditions;

e. Restraint by court order or order of public authority;

f. Strikes; and

g. Litigation, arbitration, or mediation that causes delay.

12. This court retains jurisdiction over this matter. And, while this decree remains in force, this case may be reopened without filing fee so that the parties may apply to the Court for any further order that may be necessary to enforce compliance with this decree or to resolve any dispute regarding the terms or conditions of this decree. In the event of a dispute regarding implementation of, or compliance with, this decree, the parties must first attempt to resolve the dispute by meeting to discuss the dispute and any suggested measures for resolving the dispute. Such a meeting should be held as soon as practical but must be held within 30 days after notice of a request for such a meeting to the other party and its counsel of record. If no resolution is

SMITH & LOWNEY, P.L.L.C.
2317 EAST JOHN ST.
SEATTLE, WASHINGTON 98112
(206) 860-2883

reached at that meeting either party may file a motion with this court to resolve the dispute.

13. The parties recognize that, pursuant to 33 U.S.C. § 1365(c)(3), no consent judgment can be entered in a Clean Water Act suit in which the United States is not a party prior to 45 days following the receipt of a copy of the proposed consent judgment by the U.S. Attorney General and the Administrator of the U.S. EPA. Therefore, upon the signing of this Consent Decree by the parties, Waste Action Project shall serve copies of it upon the Administration of the U.S. EPA and the Attorney General.

14. This Consent Decree takes effect upon entry by the court. It terminates three years after that date.

15. Both parties have participated in drafting this decree.

16. This Consent Decree may be modified only upon the approval of the court.

17. If for any reason the court should decline to approve this Consent Decree in the form presented, this Consent Decree is voidable at the discretion of either party. The parties agree to continue negotiations in good faith in an attempt to cure any objection raised by the court to entry of this Consent Decree.

18. Notifications required by this Consent Decree must be in writing. The sending party may use any of the following methods of delivery: (1) personal delivery; (2) registered or certified mail, in each case return receipt requested and postage prepaid; (3) a nationally recognized overnight courier, with all fees prepaid; or (4) e-mail. For a notice or other communication regarding this decree to be valid, it must be delivered to the receiving party at the one or more addresses listed below or to any other address designated by the receiving party in a notice in accordance with this paragraph 17.

**if to WAP:**

Waste Action Project
P.O. Box 4832
Seattle, WA 98104
email: gwingard@earthlink.net

**and to:**

Smith & Lowney PLLC
2317 East John St.
Seattle, WA 98112
email: rasmithwa@igc.org

**if to Meltec:**
Meltec, Division of Young Corporation
3231 Utah Avenue South
Seattle, WA 98134
email:

**and to:**
Keith A. Kemper
Ellis, Li & McKinstry PLLC
2025 First Ave., PH A
Seattle, WA 98121
email: kkemper@elmlaw.com

A notice or other communication regarding this Consent Decree will be effective when received unless the notice or other communication is received after 5:00 p.m. on a business day, or on a day that is not a business day, then the notice will be deemed received at 9:00 a.m. on the next business day. A notice or other communication will be deemed to have been received: (a) if it is delivered in person or sent by registered or certified mail or by nationally recognized overnight courier, upon receipt as indicated by the date on the signed receipt; or (b) if the receiving party rejects or otherwise refuses to accept it, or if it cannot be delivered because of a change in address for which no notice was given, then upon that rejection, refusal, or inability to deliver.

DATED this 25th day of May, 2012.

HON. JAMES L. ROBART

Presented by:

SMITH & LOWNEY, P.L.L.C.
2317 EAST JOHN ST.
SEATTLE, WASHINGTON 98112
(206) 860-2883

| ELLIS, LI & MCKINSTRY PLLC | SMITH & LOWNEY PLLC |
|---|---|
| By s/ Keith A. Kemper | By s/ Richard A. Smith |
| Keith A. Kemper, WSBA #19438 | Richard A. Smith, WSBA #21788 |
| Attorneys for Defendant | Attorneys for Plaintiff |
| Meltec, Division of Young Corporation | Waste Action Project |

SMITH & LOWNEY, P.L.L.C.
2317 EAST JOHN ST.
SEATTLE, WASHINGTON 98112
(206) 860-2883

I'M A PAL FOUNDATION
International Marine Association Protecting Aquatic Life
742 S. Southern St.
Seattle, WA. 98108
206-762-3640

March 26, 2012

RE: Waste Action Project – Hamm Creek Habitat Restoration Project, Seattle

To Whom It May Concern:

I'M A PAL foundation is a grass roots environmental organization dedicated to protect, defend, and preserve our creeks, streams, rivers, watersheds, and their ecosystems. We are a 501(c)(3) organization. The restoration project we propose for the $22,000 MELTAC settlement money would take place along Hamm Creek in south Seattle. A majority of it on a parcel of land along Hamm Creek we call Point Rediscovery. Hamm Creek runs through this property, on its way to the Duwamish.

Funding would be used to enhance a degraded portion of this natural area. Includes obtaining permits, contracting a local Veteran owned company for labor, machinery for sediment removal & disposal, removal of invasive plants, planting, garbage removal, and native plant plantings and other restoration activities. All money received as part of this settlement will be used for this contract and materials and other costs directly related to this restoration project. No money will be spent for political lobbying activities,

This project will benefit the water quality of the creek, river and the wildlife in and around Hamm Creek. Working with the Vets, we plan to have this completed within one to two years of receiving the final payment.

I'M A PAL will report the completion of the project & money spent, back to Waste Action Project.

If you need more information, please feel free to contact me.

Respectfully,

Liana Beal

I'M A PAL
Vice President
206-913-3626 cell

SMITH & LOWNEY, P.L.L.C.
2317 EAST JOHN STREET
SEATTLE, WASHINGTON 98112
(206) 860-2883, FAX (206) 860-4187

*April 2, 2012*

Docket Clerk for Judge Robart
Re: Waste Action Project v. Meltec, Division of Young Corp., W.D. Wash. No. 11-cv-1432; Waiting period before entry of consent decree

Dear Docket Clerk:

This is submitted with the proposed Consent Decree and Joint Motion for Entry of Consent Decree for the above-captioned case. Please note that, pursuant to the explicit direction of the Clean Water Act, the Consent Decree should not be entered by the Court until a 45-day Department of Justice and EPA review period has expired. Thus, the hearing is noted for May 25, 2012. Please do not have this Consent Decree entered before that time. Please call if you have any question about this. Thank you.

Very truly yours,

SMITH & LOWNEY, P.L.L.C.

By: *s/Richard A. Smith*
Richard A. Smith